HARRIS COUNTY FLOOD CONTROL DISTRICT, Texas Department of Transportation, and Brazoria Drainage District No. 4, Petitioners,

v.

Doyle ADAM, et al., Respondents.

No. 99–0404.

Supreme Court of Texas.

Sept. 20, 2001.

James A. Newsom, Munisteri Sprott Rigby Newsom & Vincent, Houston, Benjamin H. Best, Pearland, Meredith Bishop Parenti, Atty. Gen., Austin, Sandra D. Hachem, Harris County Asst. Atty., Jay S. Siskind, Asst. County Atty., Michael P. Fleming, Harris County Atty., Houston, Susan Desmarais Bonnen, Atty. Gen., Randall M. Ward, Atty Gen., John B. Lay, Atty. Gen., Dan Morales, Atty. Gen., Gregory S. Coleman, Weil, Gotshal & Manges, Linda Eads, Atty. Gen., Andy Taylor, Locke Liddell & Sapp, John Cornyn, Atty. Gen., Grady Click, Atty. Gen., Austin, for Petitioner.

Dennis C. Reich, Linda L. Laurent, Robert J. Binstock, Reich & Binstock, Houston, C. Benton Musslewhite, Newton B. Schwartz, Houston, Samuel J. Lee, II, Angleton, Charles B. Musslewhite, Law Offices of Charles B. Musslewhite, Jr., Houston, for Respondent.

PER CURIAM.

Some two hundred plaintiffs sued three governmental entities, who are petitioners here, complaining of property damage from flooding caused by petitioners' activities. The trial court granted summary judgment for two of the defendants and issued an order severing that judgment from the main case, thereby making the judgment final in the severed case. The severance order contained a "Mother Hubbard" clause—"All other relief not specifically granted is denied"—and taxed costs against the plaintiffs. Sometime later, the defendants remaining in the original cause filed pleas to the jurisdiction arguing that the Mother Hubbard clause in the severance order made the order a final judgment in the original cause. The trial court overruled the pleas, and the court of appeals affirmed, holding that the severance order was final in the severed cause only, not in the original cause. 988 S.W.2d 423. The court of appeals was correct that the severance order was not a final judgment in the original cause. The obvious purpose of the order was to sever claims that had been adjudicated into a separate cause, not to adjudicate the claims remaining in the original cause. For the reasons we have since explained in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex.2001), the inclusion of a Mother Hubbard clause in the severance order did not make it a final judgment in the original cause. But the court of appeals was incorrect in suggesting that the Mother Hubbard language made the judgment in the severed cause final. The judgment in the severed cause was final because it disposed of all parties and issues in that cause, *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995) (per curiam), not because of the Mother Hubbard language in the severance order, *Lehmann*, 39 S.W.3d at 192. Finding no other error in the court of appeals' decision, the petitions for review are denied.