Opinion issued July 7, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00689-CV




FREDDIE LEE WALKER, Appellant

V.

JANICE O’GUIN, E. FRANCO, & VICTORIA DODSON, Appellees




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 22046




MEMORANDUM OPINION
          On May 6, 2005, we issued an order in which we explained that the record
before us presented questions pertaining to our jurisdiction to consider this appeal
and that we would dismiss the appeal unless a supplemental clerk’s record,
demonstrating that we have jurisdiction, was filed by June 6, 2005. See Tex. R. App.
P. 42.3(a). That deadline has passed without a supplemental clerk’s record having
been filed. Accordingly, we dismiss the appeal.
          Appellant, Freddie Lee Walker, an inmate currently confined in the Texas
Department of Criminal Justice Institutional Division (TDCJ-ID), sued Janice O’Guin
in his “Original Motion for Declaratory Judgment and Injunctive Relief” on the
grounds that he was wrongfully downgraded from his “State approved trusty two”
(sic) inmate status due to the Unit Classification Committee’s allegations that he was
a suspected gang member. Appellant added E. Franco and Victoria Dodson as
defendants in his “First Amended Supplemental Petition for Declaratory Judgment
and Injunctive Relief.” The trial court’s order dismissed appellant’s claims against
Janice O’Guin as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)-(b)
(Vernon 2002). Appellant challenges that ruling in three issues on appeal.
          Appellant’s live pleadings show three named defendants. However, the trial
court’s order dismissing appellant’s claims as frivolous names only one defendant,
Janice O’Guin. Because the record before us presents questions pertaining to our
jurisdiction, we issue this order, as required by rule 42.3(a) of the Rules of Appellate
Procedure. See Tex. R. App. P. 42.3(a).
 
Jurisdiction - Finality
          The date the judgment is signed begins the appellate timetable. Tex. R. Civ.
P. 306a(1); Tex. R. App. P. 26.1. A signed, written judgment or order is, therefore,
an absolute prerequisite to this Court’s exercise of appellate jurisdiction. See Harris
County Flood Control Dist. v. Adam, 66 S.W.3d 265, 266 (Tex. 2001); see also Estate
of Townes v. Wood, 934 S.W.2d 806, 807 (Tex. App.—Houston [1st Dist.] 1996)
(orig. proceeding); Tex. Civ. Prac. & Rem. Code §§ 51.012-.014 (Vernon 1987 &
Supp. 2004-2005) (all referring to appeals from a signed “final judgment” or an
“interlocutory order” made appealable by statute); Tex. R. App. P. 25.1(c) (referring
to “judgment or other appealable order”). Section 51.014(a) recognizes this
requirement in authorizing appeals from certain interlocutory orders. Tex. Civ. Prac.
& Rem. Code § 51.014(a). 
          Excluding those statutory exceptions, which do not apply here, this Court’s
appellate jurisdiction is, therefore, limited to review of final judgments that dispose
of all parties and claims. See Adam, 66 S.W.3d at 266; Lehmann v. Har-Con Corp.
39 S.W.3d 191, 192 (Tex. 2001). In the event of vagueness that may exist in the
judgment or order challenged, the record on appeal will determine finality. See M.O
Dental Lab v. Rape, 139 S.W.3d 671, 674 (Tex. 2004) (citing Lehmann, 39 S.W.3d
at 206).
          The trial court’s order dismissing appellant’s claims as frivolous lists Janice
O’Guin as the only defendant in the case and states, “It is hereby ORDERED that all
claims against Defendant are hereby DISMISSED AS FRIVOLOUS. Any other relief
not granted expressly herein is denied.” However, appellant’s “First Amended
Supplemental Petition for Declaratory Judgment and Injunctive Relief” names two
other defendants, E. Franco and Victoria Dodson. Although a trial court may dismiss
a portion of a prison inmate’s claims, pursuant to section 14.010(a) of the Remedies
Code, the court must designate “the issues and defendants on which the claim may
proceed.” Tex. Civ. Prac. & Rem. Code Ann. § 14.010(a)-(b) (Vernon 2002). The
trial court’s order here does not attempt the partial dismissal authorized by section
14.010(b), but attempts, instead, to dismiss appellant’s entire cause.
          An order that disposes of claims by only one of multiple plaintiffs or against
one of multiple defendants does not adjudicate claims by or against other parties. 
Lehmann, 39 S.W.3d at 205. “Language that . . . the case is dismissed shows finality
if there are no other claims by other parties; but language that ‘plaintiff take nothing
by his claims against X’ when there is more than one defendant or other parties in the
case does not indicate finality.” Id. If the record reveals the existence of parties or
claims not mentioned in the order, the order is not final. Id. at 206.
          Furthermore, although the trial court’s order includes a “Mother Hubbard”
clause denying all relief not expressly granted, a “Mother Hubbard” clause in an order
issued without a full trial on the merits cannot be construed to indicate finality. See
id. at 192. “[I]n cases in which only one final and appealable judgment can be
rendered, a judgment issued without a conventional trial is final for purposes of
appeal if and only if either it actually disposes of all claims and parties then before
the court, regardless of its language, or it states with unmistakable clarity that it is a
final judgment as to all claims and all parties.” Id. at 192-93.
          Nothing in the trial court’s order indicates that it is a final judgment, and it
does not dispose of all pending claims and parties. See id. at 206. The order
dismisses appellant’s claims as frivolous against “Defendant,” Janice O’Guin, but this
language does not show that appellant’s claims against the remaining two defendants,
E. Franco and Victoria Dodson, are also denied. See id. As the order recites and as
the record demonstrates, the defendant named in the order is not the only defendant
remaining in the case. See id. Thus, it appears to this Court that the trial court’s
order is not final because it does address all parties and all claims. See id.; Adams,
66 S.W.3d at 266. 
Conclusion
          We dismiss the appeal. Tex. R. App. P. 42.3(a).
                                                                        


                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Taft, Alcala, and Higley.