Opinion issued May 25, 2006











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00495-CV




PRUDENCIO CORDOVA, Appellant

V.

WILLIAM HARKINS, OLA OLIPHANT, ANDREW ODEM, JR., AND
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION, Appellees




On Appeal from the 278th District Court
Walker County, Texas
Trial Court Cause No. 19153C




MEMORANDUM OPINION
          Appellant, Prudencio Cordova, voluntarily nonsuited all of his claims against
the Texas Department of Criminal Justice (“TDCJ”), and the trial court granted the
nonsuit and dismissed the case with prejudice. Despite the nonsuit, appellant brings
this appeal contending that his claim is not barred by sovereign immunity. We
dismiss the appeal for want of jurisdiction.
Procedural and Factual History
          Appellant was working in the dining hall at TDCJ on October 25, 1994, when
he was injured. Appellant received burns to his leg, ankle, and foot when another
inmate, Andrew Odem, Jr., threw boiling water on appellant while mopping the floor. 
Two guards, William E. Harkins and Ola M. Oliphant, allegedly instructed the inmate
to boil the water before using it to clean the floors.
          Appellant originally brought this negligence suit against the guards, the inmate,
and TDCJ. Prior to trial, appellant voluntarily dismissed his claims against the
guards, leaving the inmate and TDCJ as defendants. At trial, after appellant rested,
the trial court rendered a directed verdict in favor of TDCJ on the ground that TDCJ
had not waived its sovereign immunity. The Texarkana Court of Appeals reversed
and remanded the cause for further proceedings, holding that TDCJ’s statutory
immunity had been waived under the applicable statute. Cordova v. Harkins, No. 06-01-00022-CV, 2002 WL 84262, at *4 (Tex. App.—Texarkana Jan. 23, 2002, no pet.).
          In February 2005, appellant voluntarily non-suited all of his claims against
TDCJ.


 The trial court granted appellant’s non-suit against TDCJ and dismissed the
cause with prejudice. Appellant appeals to challenge the dismissal with prejudice,
contending that he merely sought a postponement to investigate his case further, not
a dismissal, and further contends that, upon further investigation, TDCJ is not
immune from suit.
Jurisdiction - Finality
          The date the judgment is signed begins the appellate timetable. Tex. R. Civ.
P. 306a(1); Tex. R. App. P. 26.1. A signed, written judgment or order is, therefore,
an absolute prerequisite to this Court’s exercise of appellate jurisdiction. See Harris
County Flood Control Dist. v. Adam, 66 S.W.3d 265, 266 (Tex. 2001); Tex. Civ.
Prac. & Rem. Code Ann. §§ 51.012-.014 (Vernon 1997 & Supp. 2005) (all referring
to appeals from a signed “final judgment” or an “interlocutory order” made
appealable by statute). Section 51.014(a) recognizes this requirement in authorizing
appeals from certain interlocutory orders. Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a) (Vernon Supp. 2005). Excluding those statutory exceptions, which do not
apply here, this Court’s jurisdiction is, therefore, limited to review of final judgments
that dispose of all parties and claims. Lehmann v. Har-Con Corp., 39 S.W.3d 191,
192 (Tex. 2001). In the event of vagueness in the judgment or order challenged, the
record on appeal will determine finality. See M.O. Dental Lab v. Rape, 139 S.W.3d
671, 674 (Tex. 2004) (citing Lehmann, 39 S.W.3d at 205-06).
          The trial court’s order granting appellant’s nonsuit treats TDCJ as the only
remaining defendant and states, “[i]t is hereby ordered that said nonsuit be, and it is
hereby granted, Plaintiff’s petition is dismissed with prejudice. All relief not herein
granted is denied. This is a final judgment.” Appellant’s original petition identifies
an additional defendant dismissed by the order, specifically, the inmate. Although
a trial court may dismiss a portion of an inmate’s claims, the court must designate
“the issues and defendants on which the claim may proceed.” Tex. Civ. Prac. &
Rem. Code Ann. §§ 14.010(a)-(b) (Vernon 2002). The trial court’s order here does
not partially dismiss appellant’s cause as authorized by section 14.010(b); instead, it
dismisses appellant’s entire cause.
          An order or judgment is not final for purposes of appeal unless it actually
disposes of every pending claim and party or clearly and unequivocally states that it
finally disposes of all claims and all parties. Lehmann, 39 S.W.3d at 205. An order
that disposes of claims by only one of multiple plaintiffs or against one of multiple
defendants does not adjudicate claims by or against other parties. Id. If the record
reveals the existence of parties or claims not mentioned in the order, the order is not
final. Id. at 206. Further, an order does not dispose of all claims and all parties
merely because it is entitled “final,” or because the word “final” appears elsewhere
in the order. Id. at 205. Nor does a “Mother Hubbard” clause in an order issued
without a full trial on the merits indicate finality. See id. at 192.
          Nothing in the trial court’s order indicates that it disposes of all pending claims
and parties. The order dismisses appellant’s claims against TDCJ, but does not
mention the inmate. The record provided to this Court does not show that the inmate
had been nonsuited prior to the trial court’s order nor that a severance order had been
granted. As the record demonstrates, the defendant named in the order is not the only
defendant remaining in the case. See Rape, 139 S.W.3d at 674 (citing Lehmann, 39
S.W.3d at 206). Finally, the inclusion of the “Mother Hubbard” clause and the
indication that the order is a “final judgment” do not indicate finality. See Lehmann,
39 S.W.3d at 192, 205. Thus, it appears to this Court that the trial court’s order is not
final because it does not address all parties and all claims. See id. at 206.Conclusion
          We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.