# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00035-CV

---

**Elena Karets, Appellant**

**v.**

**Estate of Victor Gumbs, Deceased, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 19-1124-CP4A, THE HONORABLE JOHN B. MCMASTER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Elena Karets attempts to appeal the trial court's judgment, signed in what began as an heirship proceeding, denying her claim for declaratory relief. Because Karets's notice of appeal was not timely filed, we dismiss this attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 25.1, 26.1; *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581–82 & n.27 (Tex. 2018) (per curiam).

In February 2021, the trial court signed a judgment denying Karets's request for a declaratory judgment—specifically, a declaration that she was decedent's spouse—and ruling instead that there was no informal marriage or agreement to be married between her and the decedent.[1] On October 4, 2021, and on Karets's motion, the trial court signed an order severing

---

[1] That judgment was interlocutory and unappealable because it did not dispose of all pending heirship claims in the proceeding. *Karets v. Gumbs*, No. 03-21-00132-CV, 2021 WL 2834721, at *2 (Tex. App.—Austin July 8, 2021, no pet.) (mem. op.). Consequently, we dismissed Karets's attempted appeal from that judgment for want of jurisdiction. *Id.*

the declaratory-judgment claim from the rest of the probate proceeding and assigning a new cause number to the severed suit. Karets requested findings of fact and conclusions of law.

Upon the signing of the severance order, the February 2021 judgment denying Karets's declaratory-judgment claim became final because it merged into the severance order, which finally disposed of all remaining parties and claims in the severed suit. *Harris Cnty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (per curiam) (severance of adjudicated claim into new cause creates final judgment for new cause if severance "dispose[s] of all parties and issues in that [severed] cause"); *Wright v. Texas Comm'n on Hum. Rights*, No. 03-03-00710-CV, 2005 WL 1787428, at *1 (Tex. App.—Austin July 27, 2005, pet. denied) (mem. op.) (when severance order creates final judgment in suit, prior interlocutory judgments in suit merge into severance order to form the final judgment). The appellate timetables for review of the final judgment began to run the day the severance order was signed. *See Thompson v. Beyer*, 91 S.W.3d 902, 904–05 (Tex. App.—Dallas 2002, no pet.) (appellate timetable ran from severance order's date of signing). Because the final judgment was signed on October 4, 2021, and Karets timely requested findings of fact and conclusions of law, her notice of appeal was due on or before 90 days from October 4, 2021, which deadline ran on a Sunday, making her notice-of-appeal deadline January 3, 2022. *See* Tex. R. App. P. 4.1(a), 26.1(a)(4). She did not file her notice of appeal until January 20, 2022, beyond the 15-day window during which we may entertain a motion to extend the deadline. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 615–17 (Tex. 1997).

The Clerk of this Court notified Karets that it appeared that her notice of appeal was untimely and that this Court thus lacks jurisdiction to consider her attempted appeal. *See* Tex. R. App. P. 42.3(a). Karets responds that her notice of appeal was timely for two reasons. First,

she argues that because either or both of the February 2021 judgment and October 4, 2021 severance order lacked finality language, neither of those documents can be the final judgment in the severed suit. She reasons that a later order, signed by the trial court on December 9, 2021, and titled "Order of Clarification Regarding Final Judgment on Petition for Declaratory Judgment and Order After Trial Before the Court" (formatting altered), instead was the final judgment in the severed suit.[2] As a result, Karets argues, her appellate deadline did not begin to run until that order was signed on December 9, making her notice of appeal due on March 9, 2022.

We disagree with Karets's position that the severance order is not the final judgment in the severed cause. Even if, as she maintains, the judgment lacks the finality language suggested by *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001), because the severance order disposed of the remaining claims and parties in the severed suit, which had earlier prevented the February 2021 judgment from being final, the severance order is the final judgment in that suit. *See In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (per curiam); *Harris Cnty. Flood Control Dist.*, 66 S.W.3d at 266.

We also disagree with Karets's second position—that by asking the trial court for, as she says, "affirmative relief beyond severance," she extended the trial court's plenary power over the judgment in the severed suit in time for the court to sign the clarification order. *Cf.* Tex. R. Civ. P. 329b(d), (g). Karets points out that in her motion to sever, she asked the trial court to "sign a judgment reflecting that the Court's judgment was final and appealable." She made that request, she says, for "clarity that the order was final and subject to appeal."

---

[2] The only material difference between this clarification order and the February 2021 judgment was an added paragraph stating: "This is a final judgment pertaining to the declaratory judgment action filed by Elena Karets. This judgment disposes of all parties and claims at issue in this cause [the severed cause's number], and is appealable."

But seeking clarity that a final judgment is in fact final does not alone extend the trial court's plenary power over its judgment. To extend plenary power, a motion to modify, correct, or reform a judgment must assail the judgment. *See id.*; *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) (motion for JNOV was Rule 329b motion to modify or correct judgment because motion "assail[ed]" trial court's judgment); *Gomez v. Texas Dep't of Crim. Just.*, 896 S.W.2d 176, 176–77 (Tex. 1995) (per curiam) (indigent party's "bill of review" extended appellate timetables because it "assailed the trial court's judgment"); *Kashan v. McLane Co.*, No. 03-11-00125-CV, 2012 WL 2076821, at \*2 (Tex. App.—Austin June 7, 2012, no pet.) (mem. op.) (motion to vacate judgment extended plenary power because it "clearly assailed the trial court's judgment and would have resulted in a substantive change in the judgment if it had been granted"); *see also Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000) ("Only a motion seeking a substantive change will extend the appellate deadlines and the court's plenary power under Rule 329b(g).").

As a counterexample, a request for findings of fact and conclusions of law does not extend plenary power because it does not assail the judgment—it seeks only clarity about why the judgment that was reached was reached. *See In re Gillespie*, 124 S.W.3d 699, 703–04 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (en banc); *Pursley v. Ussery*, 982 S.W.2d 596, 599 & n.2 (Tex. App.—San Antonio 1998, pet. denied); *see also In re T.G.*, 68 S.W.3d 171, 176–77 & n.4 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (explaining why two of litigants' postjudgment motions—but not their third—extended plenary power).

Karets's request for clarity about the judgment's finality did not assail the judgment and so did not extend the trial court's plenary power. The request did not challenge any ruling by the trial court, seeking only *Lehmann*-like language confirming the judgment's finality. But

4

adding finality language to the already-final judgment here would not have made it any more final. It was final because it disposed of the remaining parties and claims, no matter its lack of finality language. *See Elizondo*, 544 S.W.3d at 827–28.

"A party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." *Lehmann*, 39 S.W.3d at 196, *quoted in Elizondo*, 544 S.W.3d at 827. Because the final judgment she seeks to appeal was signed on October 4, 2021, Karets's notice of appeal was untimely. We cannot consider untimely appeals. *See* Tex. R. App. P. 25.1, 26.1; *Alexander Dubose Jefferson & Townsend*, 540 S.W.3d at 581–82 & n.27. We thus must dismiss for want of jurisdiction.

## CONCLUSION

We dismiss this attempted appeal for want of jurisdiction.

_____

Chari L. Kelly, Justice

Before Justices Baker, Triana, and Kelly
  Dissenting Opinion by Justice Triana

Dismissed for Want of Jurisdiction

Filed: March 10, 2023

5