**Dismissed and Opinion filed December 18, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00040-CV
## NO. 14-18-00419-CV

---

## MARK YOUNG AND TIM YOUNG A/K/A PAUL TIMOTHY YOUNG, Appellants

## V.

## BELLAPALMA, L.L.C., Appellee

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-68322**

---

## O P I N I O N

In one case in this court (cause number 14-17-00040-CV), appellants Mark Young (Mark) and Tim Young a/k/a Paul Timothy Young (Tim) (incorrectly identified by appellee BellaPalma, L.L.C. as Timothy G. Young) appeal from the trial court's rendition of a purported final judgment, arguing the trial court erred in granting a final judgment prior to all parties and claims being disposed. In another

case (cause number 14-18-00419-CV), Mark and Tim appeal from the trial court's subsequent "clarifying order confirming final judgment." BellaPalma has filed a motion to dismiss the second appeal which has been consolidated into this one. For the reasons set forth below, we grant BellaPalma's motion to dismiss and dismiss both appeals for want of jurisdiction because there is no final, appealable order.

## I.    Background

On November 13, 2013, BellaPalma filed suit against brothers Mark and Tim d/b/a Texcore Construction and Texcore Construction Specialty, seeking a declaratory judgment to invalidate a lien on real property and money damages arising from claims of fraud, negligence, breach of warranty, violations of the DTPA, and the Texas Trust Fund Statute.

In August 2014, Mark, appearing *pro se*, filed a motion to quash that included a "conditional answer," jury demand, request for attorney's fees. Mark did not set the motion for hearing or submission. Tim was not served.[1] In September 2014, the trial court signed a trial preparation order.

Over the course of two years, the trial court issued numerous orders resetting the trial. On October 27, 2016, BellaPalma filed its first amended petition, naming both Mark and Tim under "parties." The following day, BellaPalma filed its motion for summary judgment against both Mark and Tim. The trial court conducted an oral hearing on BellaPalma's motion for summary judgment on November 21, 2016. No record of this hearing is before this court.

---

[1] BellaPalma served a disinterested third party with its petition. Thus, on February 11, 2014, BellaPalma filed a notice of nonsuit "as to a specific Tim Young who was served with citation and whose date of birth is...and whose driver's license number ends in 2752." BellaPalma further noted that it would continue its lawsuit against Timothy G. Young when found and Mark.

In a "Final Judgment," issued November 21, 2016, the trial court, after having considered BellaPalma's motion for summary judgment, found that judgment should be entered for BellaPalma and against "Defendants." The order further provides:

> It is accordingly ORDERED, ADJUDGED AND DECREED that judgment is awarded for Bellapalma ("Plaintiff") and against Mark Young dba Texcore Construction and Texcore Construction Specialty ("Defendants").
>
> ***
>
> All relief not expressly granted herein is denied. This is a final judgment.

The Final Judgment did not mention defendant Timothy G. Young.

On December 6, 2016, Mark, *pro se*, set his motion to quash for hearing on December 16. The trial court granted Mark's motion to quash on December 16, 2016. On December 21, 2016, a notice of appearance of counsel for Mark was entered. Mark also filed a motion to vacate judgment.

BellaPalma filed its response to Mark's motion to vacate asking for the motion to vacate be stricken and seeking withdrawal of the trial court's order granting motion to Mark's motion to quash. A hearing was held on January 10, 2017, and the trial court granted BellaPalma's motions. In an "Order Granting Plaintiff's Motions," the trial court withdrew it order granting defendant's motion to quash dated December 16, 2016, stating "[t]he Court previously overruled Defendant's Motion to Quash as a matter of law by granting Plaintiff's Motion for Summary Judgment on November 21, 2016 as this was a preliminary matter." The trial court's order also denied defendants motion to vacate.

On January 11, 2017, Mark filed a notice of appeal from the judgment signed November 21, 2016, and the appeal was assigned to this court under our appellate number 14-17-00040-CV.

On February 7, 2017, Mark filed an emergency motion to reconsider. The next day, Mark filed a first supplemental original answer and request for disclosure, original counterclaim, and verified denial. On February 9, 2017, Tim filed his original answer and counterclaim, verified denial, request for disclosure, and request for declaratory judgment. On February 14, 2017, the trial court denied Mark and Tim's motion to set aside final judgment.

In February 2018, in cause number 14-17-00040-CV, this court abated the appeal so that the trial court could clarify whether the November 21, 2016 order was final, and if the order was not final, so that the parties could obtain a severance order or a non-suit order to make the November 21, 2016 order final. In response, the trial court held a hearing on February 9, 2018. Thereafter, on February 15, 2018, the trial court signed a "Clarifying Order Confirming Final Judgment," providing in relevant part:

> Timothy G. Young had not been served, appeared or answered in the 3 years this case was pending before the Final Judgment was signed, and all claims against him were considered discontinued.[2]

> The trial court's order entitled "Final Judgment" on November 21, 2016 was intended (1) to be a Final Judgment that was final for all purposes, (2) to be appealable, and (3) to dispose of all claims, all parties and all claims between the parties.

On March 19, 2018, Mark and Tim filed a motion for new trial, which was overruled by operation of law.

Mark and Tim filed a notice of appeal from the February 15, 2018 order, which was docketed as second appeal in cause number 14-18-00419-CV. In their notice, Mark and Tim state that they "believe the Clarifying Order issued February 15, 2018 is really a modification order changing the summary judgment itself to a be a new

---

[2] After this sentence, the court set forth a footnote stating, "Timothy G. Young was nonsuited in open court during the hearing on the Motion for Summary Judgment."

summary judgment starting new appellate deadlines." On May 30, 2018, in cause number 14-17-00040-CV, the court received a supplemental clerk's record, which contained the trial court's clarifying order signed February 15, 2018.

Mark and Tim filed a motion to consolidate the two appeals and BellaPalma filed a motion to dismiss the second appeal (14-18-00419-CV). The court consolidated the appeals and carried BellaPalma's motion to dismiss with the case.

In their brief to this court, Mike and Tim raise three issues: (1) whether the trial court erred or abused its discretion when it granted BellaPalma's motion for summary judgment on November 21, 2016 and BellaPalma's motion to withdraw order granting motion to quash on January 10, 2016 when Mark had not appeared or answered at the time the summary judgment was granted; (2) whether the trial court erred in issuing a Final Judgment when it was an interlocutory summary judgment that did not dispose of all the claims and parties and which leaves the Court of Appeals without jurisdiction; and (3) whether the trial court erred and/or abused its discretion in granting BellaPalma's motion for summary judgment.

## II.    Jurisdiction Analysis

### A.    Finality of judgments

Because we have an obligation to ensure that we have jurisdiction before proceeding to the merits of the appeal, we will address initially Mark and Tim's second issue. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction is fundamental in nature and may not be ignored). "An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments." *Qwest Commc'ns Corp. v. AT&T*

5

*Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). In cases like this, in which there is no conventional trial on the merits and no statutory exception applies, a judgment is final for purposes of appeal only if: (1) it actually disposes of all claims and parties before the court, regardless of its language; or (2) the order states with unmistakable clarity that it is a final judgment. *See Guajardo v. Conwell*, 46 S.W.3d 862, 863–64 (Tex. 2001) (per curiam); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001).

One way in which the judgment may actually dispose of all claims and parties before the court is if the record reflects each of these propositions: (1) the trial court granted summary judgment expressly disposing of the plaintiff's claims against all parties named in the petition except one, (2) so far as can be determined from the record, the remaining defendant was never served with citation and did not file an answer, and (3) nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party. *See M.O. Dental Lab*, 139 S.W.3d at 674; *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962). If the record satisfies these three prerequisites, then "the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal." *Id.*

A judgment that does not actually dispose of all parties and claims is interlocutory and will not be considered final for purposes of appeal unless the intent to finally dispose of the case is unequivocally expressed in the words of the order itself. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding); *Lehmann*, 39 S.W.3d at 200. Such an order would be erroneous to the extent that it granted more relief than requested, but it would be considered final for purposes of appeal. *See Lehmann*, 39 S.W.3d at 200 (a judgment that grants more relief than requested by a party would not be interlocutory but would be subject to reversal). In *Lehmann*, the Texas Supreme Court instructed

6

that appellate courts should review the record in the case and the language of the order to determine whether the order is final. *Id*. at 205–06.

## B.     "Final Judgment" issued November 21, 2016

Mark and Tim argue that the underlying judgment issued on November 21, 2016, was interlocutory rather than a final judgment. They contend that in the judgment, the trial court did not actually dispose of BellaPalma's claims against Tim. Although they acknowledge that the final judgment contains a Mother Hubbard clause,[3] however, they argue that such an inclusion does not dispose of the claims against Tim because they were not expressly mentioned in the order. Additionally, they contend the evidence in the record does not prove the trial court's intent to dispose of any remaining parties.

In response, BellaPalma maintains that the trial court's Clarifying Order Confirming Final Judgment issued on February 15, 2018, conclusively establishes that the underlying judgment disposed of all parties and claims and, thus, was a final judgment. For the reasons set forth below, we disagree.

A review of the record in this case reveals that the Final Judgment issued on November 21, 2016, does not actually dispose of claims asserted by BellaPalma against Tim. The First Amended Petition, filed one day prior to the summary judgment motion and the live pleading at the time of the Final Judgment, set forth claims against Tim. At the time the trial court issued the Final Judgment, Tim had not been served with citation. Similarly, there is no evidence he made a general appearance or otherwise answered. Moreover, the record does not contain any orders of severance or nonsuit addressing those claims. The trial court's final judgment contains no ruling on BellaPalma's causes of action against Tim. A plaintiff is not

---

[3] A "Mother Hubbard" clause is the inclusion of a clause stating that all relief not expressly granted was denied, or essentially those words. *See Lehmann*, 39 S.W.3d at 203-04.

entitled to a judgment against a defendant who has not been served with citation, appeared, or waived service of citation. We conclude that BellaPalma's attempt to obtain a summary judgment against Tim indicates that BellaPalma expected to obtain service upon Tim and that this court should not conclude under the *Youngstown Sheet & Tube Co*. precedent that BellaPalma's claims against Tim should be considered discontinued. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d at 232.

The Final Judgment issued November 21, 2016, does not dispose of all pending claims and parties, and is not final for purposes of appeal unless the language of the order unequivocally expresses an intent to dispose of the case. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163-64 (Tex. 2015). As the Texas Supreme Court reconfirmed in *Farm Bureau*, "Mother Hubbard clauses do not, on their face, implicitly dispose of claims not expressly mentioned in the order...there must be evidence in the record to prove the trial court's intent to dispose of any remaining issues when it includes a Mother Hubbard clause in an order denying summary judgment." *Id*. at 164 (citing *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001); *Lehmann*, 39 S.W.3d at 205–06). The fact that the order granting BellaPalma's motion for summary judgment states "This is a final judgment" does not make the order a final judgment. *Lehmann,* 39 S.W.3d at 192–93. Nor does the Mother Hubbard clause make the order a final judgment. *See id*. at 204 ("the standard Mother Hubbard clause is used in interlocutory orders so frequently that it cannot be taken as any indication of finality"). In the order, the trial court does not state with unmistakable clarity that the trial court rendered a final judgment. *See id*. at 200.

The trial court issued a clarifying order confirming final judgment, stating "Timothy G. Young had not been served, appeared or answered in the 3 years this case was pending before the Final Judgment was signed, and all claims against him

were considered discontinued." In its order, the trial court further noted that "Timothy G. Young was nonsuited in open court during the hearing on the Motion for Summary Judgment." BellaPalma argues this "conclusively establishes" finality. Mark and Tim assert that there is no evidence in the record showing that Tim was nonsuited during the summary-judgment hearing. Even if there were evidence of a nonsuit in open court during this hearing, this nonsuit would not make the trial court's order final because a court order on the nonsuit is necessary for the court to have disposed of the nonsuited claims for the purposes of determining finality. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995).

In *Park Place Hospital*, the plaintiffs sued six defendants. *Id*. The plaintiffs nonsuited two defendants, Fadhli and Walkes, and the trial court signed an order dismissing only Fadhli. The trial court did not sign an order dismissing Walkes. Another defendant was never served. The three other defendants then moved for summary judgment, which the trial court granted. The supreme court determined that the summary judgment order was not a final judgment because, "[a]lthough the plaintiffs had filed notice to nonsuit Walkes, the appellate timetable could not be triggered until a signed written order of the court dismissed him." *Id*. Likewise, in this case, although BellaPalma asserts it nonsuited its claims against Tim in open court during the summary judgment hearing, the trial court did not sign an order on the nonsuit that would have disposed of the claims against Tim for finality purposes. *See id*. Thus, even if BellaPalma nonsuited its claims against Tim during the summary judgment hearing, that action would not make the trial court's judgment final. *See Park Place Hosp.*, 909 S.W.2d at 510.

The clarifying order states the claims against Timothy G. Young were considered "discontinued." To the extent the trial court invoked the *Youngstown Sheet & Tube Co*. rule by using language similar to the supreme court's

language in that case, we concluded above that the record indicates that BellaPalma expected to obtain service upon Tim. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d at 232. In addition, the record does not reflect that BellaPalma discontinued its claims against Tim. BellaPalma's first amended petition, filed one day before the summary judgment motion, continued to list Tim as party against whom it sought relief. In its summary judgment motion, BellaPalma sought judgment against both Defendants. Both the amended petition and summary judgment motion are evidence of BellaPalma going forward with its claims against Tim. *See In re Sheppard*, 193 S.W.3d 181, 188 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

In sum, the final judgment issued November 21, 2016, in this case does not actually dispose of all parties and all claims—there is no reference to BellaPalma's claims against Tim. There is no language pertaining to Tim set forth therein. Tim is never mentioned in the final judgment. In the order, the trial court does not state with unmistakable clarity that the trial court rendered a final judgment. *See Lehmann,* 39 S.W.3d at 200. The record does not contain an order from the trial court dismissing BellaPalma's claims against Tim based on a nonsuit or a severance order, though the trial court could have issued either order during the abatement period. The trial court's November 21, 2016 order is not a final and appealable judgment. *See id*; *see also Davati v. McElya*, 530 S.W.3d 265, 267 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

As such, we are without power to review it, and we must dismiss the appeal from the November 21, 2016 order. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) ("Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments.").

Mark and Tim's second issue is sustained.

**C.    "Clarifying Order Confirming Final Judgment" issued February 15, 2018**

In their notice of appeal of the Clarifying Order Confirming Final Judgment issued February 15, 2018 (14-18-00419-CV), Mark and Tim opine that the trial court's clarifying order "is really a modification order changing the summary judgment itself to be a new summary judgment starting new appellate deadlines." BellaPalma filed a Motion to Dismiss the appeal, maintaining the trial court's clarifying order was an answer to this court's request and that it did not modify or reform the final judgment issued November 21, 2016.  Through supplementation of the record in the original appeal (14-17-00040-CV), the clarifying order was made part of the court's appellate record.  There was no jurisdictional basis for Mark and Tim to file a new appeal.  Accordingly, BellaPalma's motion to dismiss is granted.

### III.    Conclusion

Accordingly, we dismiss both appeals for want of jurisdiction.


/s/    John Donovan
Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.