**Order entered January 15, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01023-CV

### MICHELLE HERCZEG, Appellant

### V.

### CITY OF DALLAS, TEXAS, Appellee

### On Appeal from the 191st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. C-16-16429

## ORDER

This appeal challenges the trial court's July 30, 2019 order on the City of Dallas's plea to the jurisdiction. The order lists thirty claims asserted by appellant and specifically grants the plea as to twenty-nine of the claims. As to the thirtieth claim, the order reads as follows:

> GRANTED/DENIED as to Plaintiff's disparate treatment gender discrimination claim based on Plaintiff's reassignment from first watch at the Crime Reduction Team ("CRT") to third watch at the Fusion Center ("Fusion") and the corresponding change in shift differential pay.

The order concludes with the following language:

> It is accordingly ORDERED, ADJUDGED, and DECREED that the preceding claims as to which the City's Plea has been granted are DISMISSED WITH PREJUDICE as to their refiling.
>
> ~~The preceding claims as to which the City's Plea has been denied are ALLOWED TO GO FORWARD.~~

The appeal was filed as a regular appeal on August 23, 2019, twenty-four days after the order was signed, but, in a "suggestion of uncertain appellate jurisdiction," the City asserts the appeal is accelerated and requires an extension motion reasonably explaining why the notice of appeal was not filed within twenty days of the order. *See* TEX. R. APP. P. 26.1(b) (requiring accelerated appeals be filed within twenty days of signing of order); 26.3 (allowing fifteen-day extension to file notice of appeal provided extension motion is filed). The City reasons the order on the plea, having failed to address one of appellant's claims, is, on its face, interlocutory. *See Young v. BellaPalma, L.L.C.*, 566 S.W.3d 829, 833 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) ("A judgment that does not actually dispose of all parties and claims is interlocutory[.]"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (allowing appeal from interlocutory order granting governmental unit's plea to jurisdiction); TEX. R. APP. P. 28.1(a) (providing that appeals from interlocutory orders are accelerated).

We construed the City's "suggestion of uncertain appellate jurisdiction" as a motion to dismiss and directed appellant to file a response. In her response, appellant argues the trial court intended the order to be final and her notice of appeal was timely filed as a regular appeal.

The order here is conflicting. On the one hand, it appears to be interlocutory because it fails to rule on the plea as to one of appellant's claims. On the other hand, it appears final in that it strikes through the language stating that the "claims as to which the City's plea has been denied" may proceed.

When, as here, an order's finality is not "clear and unequivocal," a reviewing court must examine the record to determine whether the trial court intended the order to be final. *See In re R.R.K.*, No. 18-0273, 2019 WL 6825953, at *3 (Tex. Dec. 13, 2019). The record here reflects the trial court heard the plea on February 8, 2019 and took the matter under advisement. The

record further reflects a hearing scheduled July 10, 2019 was canceled. An email from the trial court clerk to the parties, attached as an exhibit to appellant's response, explains the hearing was canceled because the City's plea had been granted. *See Jones v. Griege*, 803 S.W.2d 486, 488 (Tex. App.—Dallas 1991, no writ) (noting appellate courts may consider matters outside record to determine its jurisdiction). Further, the docket sheet included in the clerk's record states the case is closed and notes the jury trial set October 21, 2019 was canceled because the case was closed.

On the facts before us, we agree with appellant that the trial court intended the order to be final. *See In re R.R.K.*, 2019 WL 6825953, *6 (concluding, in part, that trial court did not intend memorandum ruling to be final where record showed that after trial court issued its memorandum, parties entered into rule 11 agreement in anticipation of final order being drafted, parties exchanged draft orders and later moved to enter order conforming with memorandum, and trial court held hearing on motions for entry). Because the order is final, appellant's notice of appeal, filed within twenty-four days of the order, was timely. *See* TEX. R. APP. P. 26.1. Accordingly, we **DENY** the City's motion.

We **ORDER** appellant to file her opening brief no later than February 14, 2020.


/s/      KEN MOLBERG
         JUSTICE