# IN THE SUPREME COURT OF TEXAS

══════════
No. 19-0204
══════════

BELLA PALMA, LLC, PETITIONER

v.

MARK YOUNG, RESPONDENT

══════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
══════════════════════════════════════════

**PER CURIAM**

JUSTICE BUSBY did not participate in the decision.

In November 2013, Bella Palma, LLC sued "Mark D. Young and Timothy G. Young d/b/a Texcore Construction and Texcore Construction Specialties" for declaratory judgment and monetary damages arising from a commercial construction project. Mark Young and Timothy Young are brothers. In August 2014, Mark filed a pro se "Motion to Quash Defective and Unserved Citation," claiming defective service on Mark and Timothy. Timothy, whose real name is Paul Timothy Young, was never served. In October 2016, Bella Palma moved for summary judgment against Mark and Timothy. In November 2016, the trial court signed a "Final Judgment" awarding summary judgment for Bella Palma against "Mark Young dba Texcore Construction and Texcore Construction Specialty ('Defendants')." Although the judgment is awarded against "Defendants," it makes no specific reference to Timothy. It orders that a lien filed by Mark shall have no effect;

decrees that Bella Palma owes no money to Mark; orders Mark to pay damages, fees, interest, and costs to Bella Palma; and states: "All relief not granted herein is denied. This is a final judgment."

On December 16, 2016, the trial court signed an order granting Mark's motion to quash service. On December 21, 2016, Mark filed a motion to vacate the judgment. On January 3, 2017, Bella Palma responded to Mark's motion to vacate the judgment and asked the court to withdraw its order quashing service. On January 10, 2017, the trial court sided with Bella Palma. It signed an order denying Mark's motion to vacate the judgment and withdrawing the order granting the motion to quash. This order stated that the motion to quash had been denied when the court granted summary judgment. On January 11, 2017, Mark filed a notice of appeal of the November 2016 judgment. On February 8, 2017, Timothy appeared for the first time in the trial court and filed an original answer and counterclaim.

On February 6, 2018, the court of appeals abated the appeal and asked the trial court to clarify the judgment's finality. On February 15, 2018, in a "Clarifying Order Confirming Final Judgment," the trial court confirmed that it had intended to render a final judgment in November 2016, stating:

> Timothy G. Young had not been served, appeared or answered in the 3 years this case was pending before the Final Judgment was signed, and all claims against him were considered discontinued.
>
> The trial court's order entitled "Final Judgment" on November 21, 2016 was intended (1) to be a Final Judgment that was final for all purposes, (2) to be appealable and (3) to dispose of all claims, all parties and all claims between the parties.

*Young v. BellaPalma, L.L.C.*, 566 S.W.3d 829, 832 (Tex. App.—Houston [14th Dist.] 2018, pet. granted) (footnote omitted).[1]

---

[1] Mark and Timothy separately filed a notice of appeal of the February 15, 2018 Clarifying Order. This appeal was given a separate cause number, and the court of appeals dismissed it. *Young*, 566 S.W.3d at 835–36. Neither Mark nor Timothy seeks review of that action.

Despite the trial court's confirmation of its intent to render a final judgment, the court of appeals concluded no final judgment had been rendered. *Id.* at 830–31, 835–36. After examining the record, the court of appeals concluded the November 2016 summary judgment was interlocutory, not final, because claims against Timothy were not properly addressed. *Id*. at 834–35. The court of appeals therefore dismissed the appeal for want of jurisdiction. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) ("An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments."). Rather than return to trial court in pursuit of a new judgment, Bella Palma appealed to this Court, arguing that its appeal should be reinstated because the trial court unambiguously clarified that it had intended to render a final judgment in November 2016.

Bella Palma argues that the court of appeals should not have analyzed the record for evidence of finality after the trial court provided a clear and unequivocal statement that it had intended the appealed-from order to be a final judgment. We agree. We have previously held that a judgment is final *either* if "it actually disposes of every pending claim and party" *or* "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The court of appeals mistakenly read *Lehmann* to require record evidence of finality *and* an unequivocal expression of finality. *Young*, 566 S.W.3d at 833. But this approach "would distill *Lehmann*'s joint tests into a simple rule: when there has not been a conventional trial on the merits, a court must look to the record to determine whether the judgment is final. That is not *Lehmann*'s rule." *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018)

3

(per curiam). Instead, a clear and unequivocal statement of finality must be "given effect" even if review of the record would undermine finality. *Lehmann*, 39 S.W.3d at 206.

Intent to render a final judgment is demonstrated by a "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. "If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Id.* at 206. In this case, the court of appeals "abated the appeal so that the trial court could clarify whether the November 2016 order was final, and if the order was not final, so that the parties could obtain a severance order or a non-suit order to make the November 21, 2016 order final." *Young*, 566 S.W.3d at 832. The trial court replied in its Clarifying Order Confirming Final Judgment, explaining in no uncertain terms that the November 2016 order was intended to be a final judgment. Having received this "clear and unequivocal" statement that the trial court had intended to render a final judgment in November 2016, the court of appeals had no authority to review the record and arrive at a contrary conclusion. *Lehmann*, 39 S.W.3d at 206.

Although no "magic language" is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable. *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019) (citing *Lehmann*, 39 S.W.3d at 206). The Clarifying Order confirmed that the November 2016 order was intended to be all three of those things: "(1) to be a Final Judgment that was final for all purposes, (2) to be appealable and (3) to dispose of all claims, all parties and all claims between the parties." *Young*, 566 S.W.3d at 832. "'Clear and unequivocal' language that reflects an intent to dispose of the entire case is given effect, *but when there is doubt about finality*, the record resolves the issue." *In re R.R.K.*, 590 S.W.3d at 541 (emphasis added). Here, the Clarifying Order left no "doubt about finality," so

4

the court of appeals erred in turning to the record to resolve the issue. Instead, the appellate court was obligated to take the Clarification Order "at face value," *Elizondo*, 544 S.W.3d at 828, as a "clear indication that the trial court intended the order to completely dispose of the entire case." *Lehmann*, 39 S.W.3d at 205. Irrespective of its legal completeness or correctness, the November 2016 judgment was final and appealable because there was no question the trial court intended it to be so. *Lehmann*, 39 S.W.3d at 206 ("An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication."). If the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction. *See id.*

For the foregoing reasons, we grant the petition for review and, without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court for further proceedings. *See* TEX. R. APP. P. 59.1, 60.2(d).

**OPINION DELIVERED:** April 17, 2020