**Kathryn and Jeff DUKE, Appellants**

**v.**

**AMERICAN WESTERN STEEL, LLC d/b/a W. Wilson Construction Co. and Michael Vivian, Appellees**

**NO. 01-16-00723-CV**

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued July 20, 2017

Savannah Robinson, Law Office of S. Robinson, 1822 Main St., Danbury, TX 77534, for Appellants.

Stephen R. Cochell, The Cochell Law Firm, P.C., 5555 West Loop South, Ste. 400, Bellaire Texas 77401, Appellees.

Panel consists of Justices Higley, Bland, and Brown.

## OPINION

Harvey Brown, Justice

Kathryn and Jeff Duke appeal from the trial court's partial summary judgment dismissing their claims for violations of the Construction Trust Funds Act.[1] Although the Dukes have asserted other claims that were not resolved by the summary-judgment dismissal, they argue that the partial summary judgment is final and appealable because the trial court has severed their CTFA claims into a separate cause. We disagree.

Although the trial court's severance order severed the Dukes' CTFA claims into a separate cause, it did not dispose of the Dukes' other claims against the same parties, and it does not contain finality language or any other clear indication that the trial court intended the order to completely dispose of all parties and all claims. We therefore hold that the trial court's severed partial summary judgment is not final and appealable. Accordingly, we dismiss the appeal for lack of jurisdiction.

## Background

Kathryn and Jeff Duke hired American Western Steel, LLC d/b/a W. Wilson Construction Co. to build a house on their property. The house was never completed, and the Dukes filed suit against AWS; its president, Michael Vivian; and an HVAC

---

1. *See* TEX. PROP. CODE §§ 162.001–.032.

subcontractor, Jeremy Wilson d/b/a Cool Rite.

The Dukes asserted a variety of claims against AWS and Vivian, including claims for negligence, violations of the Deceptive Trade Practices-Consumer Protection Act,[2] violations of the Debt Collection Act,[3] and violations of the Construction Trust Funds Act.[4] The Dukes asserted a claim for negligence against Wilson.

AWS and Vivian moved for partial summary judgment on the Dukes' CTFA claims. The trial court granted AWS and Vivian's motion, entered partial summary judgment dismissing the Dukes' CTFA claims, and then severed the CTFA claims into a separate cause. The trial court's severance order states that its partial summary judgment dismissing the Dukes' CTFA claims is a "final judgment on that issue." Neither the partial summary judgment nor the severance order purports to dispose of the Dukes' other claims against AWS, Vivian, and Wilson.

## Lack of Jurisdiction

■ Absent a statute allowing an interlocutory appeal, a party may only appeal from a final judgment. Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here, "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

■ Severance does not make an interlocutory judgment final and appealable if the judgment merely disposes of a subset of the claims between the parties. *See Harris Cty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (per curiam) (judgment in severed cause that disposed of all claims between parties to appeal was final and appealable); *Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 279–80 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (judgment in severed cause that left "no remaining issues to be disposed of" between parties to appeal was final and appealable).

■ If a party appeals from a summary judgment that disposes of some but not all claims between the parties, the appellate court must dismiss the appeal for lack of jurisdiction, even if the trial court severed the disposed claims into a new cause. *See, e.g., Alaniz v. O'Quinn Law Firm*, No. 01-1400027-CV, 2015 WL 6755614, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 5, 2015, no pet.) (mem. op.) (severance after partial summary judgment did not make judgment final and appealable because judgment did not dispose of all plaintiffs' claims); *Gonzales v. Terrell*, No. 01-14-00711-CV, 2015 WL 1735370, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, no pet.) (mem. op.) (per curiam) (severance after partial summary judgment did not make it final and appealable because judgment did not dispose of defendant's counterclaim); *Cryogenic Vessel Alternatives, Inc. v. Lily & Yvette Constr., LLC*, No. 01-13-00737-CV, 2015 WL 222135, at *3–4 (Tex. App.—Houston [1st Dist.] Jan. 15, 2015, no pet.) (mem. op.) (severance after partial summary judgment did not make it final and appealable because judgment did not dispose of one of appellee's claims against appellant).

---

2. *See* Tex. Bus. & Com. Code §§ 17.41–.63.

3. *See* Tex. Fin. Code § 392.304.

4. *See* Tex. Prop. Code §§ 162.001–.032.

 The trial court's partial-summary-judgment order disposed of only a subset of the Dukes' claims. It is not a final judgment because it does not dispose of every pending claim and party or clearly and unequivocally state that it finally disposes of all claims and all parties. *Lehmann*, 39 S.W.3d at 205. Although the severance order states that the partial summary judgment is a "final judgment," merely including the word "final" in a judgment or order is not enough to make the judgment or order final. *Id.* at 200, 205. As used here, the word "final" is qualified; the severance order specifies that the partial summary judgment is only a "final judgment" on the "issue" of whether the Dukes' have viable CTFA claims. An order's language can make the order final "if that language expressly disposes of all claims and all parties." *Id.* at 200. However, it is "not enough" that the order merely include the word "final." *Id.* "The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself." *Id.* Such intent is not unequivocally expressed in the severance order, as the order makes clear that the partial summary judgment finally disposes of only a subset of the Dukes' claims against AWS and Vivian. Thus, the combination of the partial-summary-judgment order and severance order does not result in a final and appealable judgment because it does not dispose of all claims against these two parties.

A party seeking review of a partial summary judgment generally must show that the interlocutory order is appealable under Section 51.014 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a) (permitting, under certain circumstances, interlocutory appeals from orders disposing of specified claims and issues). But the Dukes have not argued or otherwise demonstrated that Section 51.014 applies. Instead, in response to our notice of intent to dismiss for lack of jurisdiction, the Dukes argue that we have jurisdiction to review the trial court's partial summary judgment because (1) the severance of their CTFA claims into a separate cause makes the partial summary judgment final and appealable and (2) the severance was properly granted. But, as explained above, severance of a partial summary judgment into a separate cause does not make the judgment final and appealable when, as here, the judgment merely disposes of a subset of the claims against the parties seeking review and other claims against the same parties remain pending. And whether the severance was properly granted has no bearing on whether we have jurisdiction over the severed claims; these are two separate issues.

Because the record demonstrates that multiple claims between the Dukes and AWS, Vivian, and Wilson remain pending in the trial court, the trial court's partial-summary-judgment order is not final and appealable, notwithstanding the trial court's severance order severing the Duke's CTFA claims into a new cause. Therefore, we hold that we lack jurisdiction over this appeal.

## CONCLUSION

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).