**Franco DAVATI, Appellant**

**v.**

**Judith MCELYA, Appellee**

**NO. 01-16-00544-CV**

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued August 10, 2017

Timothy M. McDaniel, Debra D. Hovnatanian, IRELAN MCDANIEL PLLC, 440 Louisiana Street, Suite 1800, Houston, TX 77002, for Appellant.

George M. Bishop, 4191 F.M. 1155 South, Chappell Hill, TX 77426, for Appellee.

Panel consists of Justices Higley, Bland, and Brown.

## OPINION

Harvey Brown, Justice

In this deed-construction dispute, Franco Davati appeals from a partial summary judgment that the trial court rendered in Judith McElya's favor. Though the record shows that the parties have asserted several other unresolved claims against one another, Davati contends that the partial summary judgment is final and appealable because the trial court severed it into a separate cause. We disagree.

Though the trial court severed the parties' deed-construction dispute into a separate cause and its severance order purports to make the partial summary judgment final and appealable, neither the summary judgment nor the severance order disposed of the parties' other claims against each other. Thus, we hold that the severed summary judgment is not final and appealable, and we dismiss Davati's appeal for lack of jurisdiction.

## Background

Davati and McElya dispute the ownership of a driveway. McElya sought a declaratory judgment that she owned it. The trial court granted summary judgment in McElya's favor, declaring that a 2009 deed conveyed the driveway to her in fee simple and that a 2011 deed merely conveyed a non-exclusive access easement to Davati. The trial court then severed McElya's declaratory-judgment claim from the other claims in the suit.

The trial court's severance order recites that it makes the summary judgment "final and appealable." But both the summary judgment and the severance order pertain to a single claim: "the declaratory judgment claim/cause of action of Plaintiff, Judith McElya, as set forth in paragraph No. 14 of Plaintiff's Second Supplement to Plaintiff's Original Petition." The pleadings show that McElya and Davati asserted several other claims against each other. McElya stated additional claims for invasion of privacy and deed reformation. Davati stated claims for easement abuse, encroachment, trespass, breach of a roadway maintenance agreement, declaratory judgment, and injunctive relief. Neither the summary judgment nor the severance order actually disposed of or purported to dispose of these additional claims between the parties.

## Lack of Jurisdiction

Absent a statute allowing an interlocutory appeal, a party may only appeal from a final judgment. TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here, "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally

disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

■ Severance does not make an interlocutory judgment final and appealable if the judgment merely disposes of a subset of the claims between the severed parties. *See Harris Cty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (per curiam) (judgment in severed cause that disposed of all claims between parties to appeal was final and appealable); *Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 279–80 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (judgment in severed cause that left "no remaining issues to be disposed of" between parties to appeal was final and appealable).

■ If a party appeals from a partial summary judgment that disposes of some but not all claims between the parties, the appellate court must dismiss the appeal for lack of jurisdiction, even if the trial court severed the disposed claims into a new cause. *See, e.g., Duke v. Am. W. Steel, LLC*, No. 01-16-00723-CV, 526 S.W.3d 814, 816–17, 2017 WL 3081240, at *2 (Tex. App.—Houston [1st Dist.] July 20, 2017, no pet. h.) (severance after partial summary judgment did not make judgment final and appealable because judgment did not dispose of all of plaintiffs' claims); *Alaniz v. O'Quinn Law Firm*, No. 01-14-00027-CV, 2015 WL 6755614, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 5, 2015, no pet.) (mem. op.) (severance after partial summary judgment did not make judgment final and appealable because judgment did not dispose of all of plaintiffs' claims); *Gonzales v. Terrell*, No. 01-14-00711-CV, 2015 WL 1735370, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, no pet.) (mem. op.) (per curiam) (severance after partial summary judgment did not make it final and appealable because judgment did not dispose of defendant's counterclaim); *Cryogenic Vessel Alternatives, Inc. v. Lily &*

*Yvette Constr., LLC*, No. 01-13-00737-CV, 2015 WL 222135, at *3–4 (Tex. App.—Houston [1st Dist.] Jan. 15, 2015, no pet.) (mem. op.) (severance after partial summary judgment did not make it final and appealable because judgment did not dispose of one of appellee's claims against appellant).

■ The trial court's summary judgment disposed of one of multiple claims between Davati and McElya. It is not a final judgment because it does not dispose of every pending claim between the severed parties or clearly and unequivocally state that it finally disposes of all claims and all parties. *Lehmann*, 39 S.W.3d at 205. Though the severance order states that it makes the summary judgment "final and appealable," merely including the words "final" and "appealable" is not enough to make the judgment or order final. *Id.* at 200, 205. As used here, the language "final and appealable" is qualified; the severance order specifies that the summary judgment is only final and appealable as to a single claim, the declaratory-judgment claim stated by McElya in the fourteenth paragraph of her second supplement to her petition. As the severance order neither actually disposed of every pending claim between the severed parties nor clearly and unequivocally stated that it finally disposed of the parties and claims, it does not make the summary judgment final and appealable. *Id.* at 205.

A party seeking review of a partial summary judgment generally must show that the interlocutory order is appealable under Section 51.014 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a) (permitting, under certain circumstances, interlocutory appeals from orders disposing of specified claims and issues). But Davati has not argued or otherwise shown that Section 51.014 applies. Instead, in response to our notice of

intent to dismiss for want of jurisdiction, Davati asserts that we have jurisdiction because the summary judgment disposed of the sole cause of action that is subject to the severance order. He contends that the summary judgment is final because all of the remaining claims between him and McElya remain pending before the trial court under a separate cause number. But as we explained, severance of a partial summary judgment into a separate cause does not make the judgment final and appealable when, as here, the judgment merely disposes of one of multiple claims between the parties seeking review and their other claims against one another remain pending. *See Duke*, 2017 WL 3081240, at *2; *Alaniz*, 2015 WL 6755614, at *3–4; *Gonzales*, 2015 WL 1735370, at *1; *Cryogenic*, 2015 WL 222135, at *3–4.

Because the record shows that multiple additional claims between Davati and McElya remain pending in the trial court, the trial court's partial summary judgment is interlocutory rather than final and appealable, notwithstanding the trial court's severance order. Therefore, we lack jurisdiction over this appeal.

## Conclusion

We dismiss the appeal for lack of jurisdiction. *See* Tex. R. Civ. P. 42.3(a).

We deny all pending motions as moot.