**Opinion issued December 13, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00768-CV

_____

**HARVEY WILLIAMS, Appellant**

**V.**

**CATHY SHAW, Appellee**

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 16-12-24061

## MEMORANDUM OPINION

Harvey Williams appeals from the trial court's summary-judgment order in favor of Cathy Shaw on her claims for conversion and breach of contract and her declaratory-judgment action. However, the trial court's summary-judgment order is not a final judgment. It does not resolve Williams's counterclaims. And it does

not contain finality language or any other clear indication that the trial court intended the order to completely dispose of all parties and all claims. Because the trial court's summary-judgment order is not final, and because Williams has not shown that the order is otherwise appealable, we dismiss the appeal for lack of jurisdiction.

## Background

This case arises from the breach of a contract for the sale of real property. In 2009, Shaw and Williams entered into a contract-for-deed by which Shaw agreed to sell to Williams real property located in Hempstead, Texas. Under the contract, Williams agreed to make an initial down payment and to satisfy the remaining balance through monthly installments. Shaw agreed to allow Williams to possess the property and to transfer title to him by executing a general warranty deed after Williams had paid for the property in full.

In December 2016, Shaw filed her original petition, alleging that Williams had stopped making the monthly installments, breached other provisions of the contract, and converted funds she had provided him to improve the property. Shaw asserted claims for conversion, breach of contract, and negligence and sought money damages and a declaratory judgment.

In August 2017, Shaw moved for summary judgment, arguing that she was entitled as a matter of law to damages for the converted funds, damages for rent for

the period during which Williams possessed the property without paying for it, and a declaration that title to the property was vested in her.

About a month after Shaw filed her summary-judgment motion, Williams filed a counterclaim. He asserted claims for fraud, fraudulent misrepresentation, unjust enrichment, and various statutory violations. He also sought a declaratory judgment.

One week later, the trial court held a hearing on Shaw's summary-judgment motion. At the end of the hearing, the trial court granted Shaw's motion. In its order, the trial court (1) awarded Shaw damages for the converted funds and for lost rent, (2) declared that the contract-for-deed was null and void, that full title to the property was vested in Shaw, and that Shaw was entitled to immediate possession of the property, and (3) ordered that Williams vacate the property within a month. The summary-judgment order did not dismiss or otherwise dispose of Williams's counterclaims. Nor did it state that it was final and appealable or otherwise contain finality language.

Williams appeals.

**Lack of Jurisdiction**

Absent a statute allowing an interlocutory appeal, a party may only appeal from a final judgment. *See* TEX. CIV. PRAC. & REM. CODE §§ 51.012, .014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here,

3

"there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. "If a party appeals from a summary judgment that disposes of some but not all claims between the parties, the appellate court must dismiss the appeal for lack of jurisdiction." *Duke v. Am. W. Steel, LLC*, 526 S.W.3d 814, 816 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

The trial court's summary-judgment order is not a final judgment. It does not actually dispose of every pending claim and party or clearly and unequivocally state that it finally disposes of all claims and all parties. *See Lehmann*, 39 S.W.3d at 205. Williams's counterclaims against Shaw are still pending.

A party seeking review of a partial summary judgment generally must show that the interlocutory order is appealable under Section 51.014 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a) (permitting, under certain circumstances, interlocutory appeals from orders disposing of specified claims and issues). Williams has not argued or otherwise demonstrated that Section 51.014 applies. Nor did he respond to our notice of intent to dismiss for lack of jurisdiction, which sought an explanation of why we have jurisdiction in this case.

Because the record shows that Williams's counterclaims against Shaw remain pending in the trial court, the trial court's summary-judgment order is not final and appealable. Therefore, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.