**Opinion issued October 15, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00456-CV

————————————

**GRETCHEN BLOMSTROM, Appellant**

**V.**

**ALTERED IMAGES HAIR STUDIO, Appellee**

---

On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Case No. 86652-CV

---

## CONCURRING MEMORANDUM OPINION

Altered Images Hair Studio sued its former employee, Gretchen Blomstrom, for breach of a non-compete agreement. Blomstrom in turn asserted counterclaims against Altered Images. The trial court granted summary judgment in favor of Altered Images on all of its claims for affirmative relief and awarded liquidated

damages. By the same order, the trial court severed all of Altered Images's claims into a new cause and assigned it a new cause number. The order states that it "disposes of all parties and matters in controversy, is a final order, and all writs of execution may issue from same." Blomstrom appealed from that order; her counterclaims remaining pending in the trial court under the original cause number.

When a trial court severs a lawsuit, two or more independent suits result, and each suit leads to its own final appealable judgment. *Lousteau v. Noriega*, No. 01-15-00254-CV, 2016 WL 4537371, at *5 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, pet. denied) (mem. op.); *In re Henry*, 388 S.W.3d 719, 725–26 (Tex. App.–Houston [1st Dist.] 2012, orig. proceeding [mand. denied]); *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 93 (Tex. App.—San Antonio 2011, no pet.); *Beckham Grp., P.C v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.). "[T]he granting of a severance makes the judgment in the severed portion of the case final for purposes of appellate jurisdiction regardless of whether the severance was proper." *Henry*, 388 S.W.3d at 725 (quoting *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441, 443 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) (holding severance after trial court rendered partial summary judgment in favor of defendants on two issues created final and appealable order); *see also Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (holding that judgment is final for purposes of appeal if it disposes of all pending parties and claims). This

obtains even when the live claims remaining in the trial court involve the identical parties as the severed claims on appeal. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496–97 (Tex. 1995).

By dint of the severance, then, the summary judgment granted against Blomstrom is final and appealable. This court should exercise its jurisdiction and determine this appeal on the merits.

Would that it were so simple. Enter horizontal *stare decisis*.

Our panel opinion states, baldly and without qualification: "If a party appeals from a partial summary judgment that disposes of some but not all claims between the parties, we must dismiss the appeal for lack of jurisdiction, even if the trial court severed the disposed claims from those that remain pending." Slip op. at 3. The opinion cites to three cases for authority for that holding. The first contains identical language, without any qualification. *See Van Duren v. Chife*, 569 S.W.3d 176, 184 (Tex. App.—Houston [1st Dist.] 2018, no pet.). The second, upon which *Van Duren* also relies, also contains the same language, without qualification, so that the sole basis for a finding of no jurisdiction is the pendency of claims in the trial court between the parties. *See Davati v. McElya*, 530 S.W.3d 265, 267 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The third, also relied on by *Van Duren* and *Davati*, is a bit different; in it, not only are there claims between the parties still pending in the trial court, but also the judgment on appeal lacks language indicating finality.

3

*See Duke v. Am. W. Steel*, 526 S.W.3d 814, 817 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

*Davati* relies on three other cases in addition to *Duke*. 530 S.W.3d at 267. In two of them, after the judgment being appealed was severed, claims remained pending between the parties in the trial court **and** the severed judgment being appealed lacked finality language. *See Alaniz v. O'Quinn Law Firm*, No. 01-14-00027-CV, 2015 WL 6755614, at *3 (Tex. App.—Houston [1st Dist.] Nov. 5, 2015, no pet.) (mem. op.); *Cryogenic Vessel Alts., Inc. v. Lily & Yvette Constr., LLC*, No. 01-13-00737-CV, 2015 WL 222135, at *3 (Tex. App.—Houston [1st Dist.] Jan. 15, 2015, no pet.) (mem. op.). In the third, the judgment on appeal did not resolve all of the claims that were severed into the new action. *See Gonzales v. Terrell*, No. 01-14-00711-CV, 2015 WL 1735370, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, no pet.) (mem. op.) (per curiam).

Properly phrased, the rule in Texas is as follows:

If a party appeals from a partial summary judgment that disposes of some but not all claims between the parties, we must dismiss the appeal for lack of jurisdiction, even if the trial court severed the disposed claims from those that remain pending **if the judgment being appealed does not include finality language**. **If the judgment resolves all claims in the severed action, and contains finality language, we may properly exercise our appellate jurisdiction even if other claims between the parties remain pending in the trial court.**

*Davati*, and then *Van Duren*, and then this panel's opinion,[*] all truncate the rule and omit the material qualifications which were previously recognized by this Court.

We are constrained by the doctrine of horizontal *stare decisis* to follow that erroneous precedent. "Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court." *Medina v. Tate*, 438 S.W.3d 583, 588 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (quoting *Taylor v. First Cmty. Credit Union*, 316 S.W.3d 863, 869 (Tex. App.—Houston [14th Dist.] 2010, no pet.)); *see also Morales v. JP Morgan Chase Bank, N.A.*, No. 01–10–00553–CV, 2011 WL 2624047, at *4 (Tex. App.—Houston [1st Dist.] June 30, 2011, no pet.) (mem. op.) (same). Accordingly, I concur in the judgment of this panel but hope the Court as a whole will bring our jurisprudence of finality in line with that of the Supreme Court of Texas.

Peter Kelly
Justice

Panel consists of Chief Justice Radack and Justices Kelly, and Goodman.

---

[*] Another panel of this Court has recently avoided this error. *See Segura-Romero v. Castineira*, No. 01-19-00147-CV, 2020 WL 2988371, at *2, *2 n.2 (Tex. App.—Houston [1st Dist.] June 4, 2020, no pet.) (mem. op.).