**Opinion issued October 15, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00456-CV

———————————

**GRETCHEN BLOMSTROM, Appellant**

**V.**

**ALTERED IMAGES HAIR STUDIO, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 86652-CV**

---

## MEMORANDUM OPINION

Gretchen Blomstrom appeals from a summary judgment. Because the judgment is not final, we dismiss her appeal for lack of subject-matter jurisdiction.

# BACKGROUND

The trial court granted Altered Images Hair Studio's motion for summary judgment. In the same order, the trial court severed claims asserted by Gretchen Blomstrom against Altered Images Hair Studio into a separate cause number. The record does not show that Blomstrom's claims have been resolved. On the contrary, the parties' appellate briefs represent that the trial court's severance leaves these claims unresolved.

We issued a notice of intent to dismiss this appeal for lack of jurisdiction because the summary judgment is not final. In our notice, we requested that Blomstrom respond within 10 days showing by citation to the law and the record that jurisdiction exists. The deadline has passed and Blomstrom has not filed a response.

# SUBJECT-MATTER JURISDICTION

## *Applicable Law*

Absent a statute allowing an interlocutory appeal, a party may only appeal from a final judgment. TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it

clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

Severance does not make an interlocutory judgment final and appealable if the judgment merely disposes of a subset of the claims between the severed parties. *See Harris Cty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (per curiam) (judgment in severed cause that disposed of all claims between parties to appeal was final and appealable); *Waite v. Woodard, Hall & Primm, P.C.*, 137 S.W.3d 277, 279–80 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (judgment in severed cause that left "no remaining issues to be disposed of" between parties to appeal was final and appealable).

If a party appeals from a partial summary judgment that disposes of some but not all claims between the parties, we must dismiss the appeal for lack of jurisdiction, even if the trial court severed the disposed claims from those that remain pending. *Van Duren v. Chife*, 569 S.W.3d 176, 184 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Davati v. McElya*, 530 S.W.3d 265, 267 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Duke v. Am. W. Steel*, 526 S.W.3d 814, 816 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

### *Analysis*

Claims between Blomstrom and Altered Images Hair Studio remain pending in the trial court. Thus, Blomstrom's appeal from the partial summary judgment in

3

Altered Images Hair Studio's favor is not final and appealable. *See Van Duren*, 569 S.W.3d at 184; *Davati*, 530 S.W.3d at 267; *Duke*, 526 S.W.3d at 816.

## CONCLUSION

We dismiss this appeal for lack of subject-matter jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).


Gordon Goodman
Justice

Panel consists of: Chief Justice Radack and Justices Kelly and Goodman.

Justice Kelly, concurring.