**Opinion issued July 12, 2022**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00624-CV

————————————

**VINCENT SUMMA AND ADRIANA SUMMA, Appellants**

**V.**

**RG BUILDING AND DEVELOPMENT, INC., Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-33022**

---

## MEMORANDUM OPINION

Appellants Vincent Summa and Adrianna Summa appeal the trial court's judgment confirming an arbitration award against them in favor of appellee RG Building and Development, Inc. (RG). Because it does not dispose of all pending

claims—or contain sufficient language of finality—the judgment is not final and appealable. Accordingly, we dismiss the appeal for lack of jurisdiction.

## Background

Spouses Vincent and Adrianna Summa entered into a residential construction contract with RG for the construction of the Summa's home. The contract contained an arbitration provision. A dispute arose between the parties regarding the contract, and RG initiated arbitration proceedings against the Summas. After an evidentiary hearing, the arbitrator found in favor of RG and issued a written arbitration award. In the award, the arbitrator found that the Summas had breached the residential construction contract by failing to pay RG all sums owed under the agreement. The arbitrator awarded RG actual damages, pre-award interest, and attorney's fees, totaling $287,942.84.

RG then filed suit and moved to confirm the arbitration award. In their "First Amended Answer, Motion to Vacate, Counterclaim & Request for Disclosure," the Summas generally denied the claim, moved to vacate the arbitration award—alleging the arbitrator had not been impartial—and asserted a counterclaim. The counterclaim sought, inter alia, cancellation of a mechanics lien that RG had allegedly filed against their home.

The trial court signed an order confirming the arbitration award, after which RG filed a motion for entry of judgment on the award. The Summas responded to

2

RG's motion. They argued in part that, because their counterclaim was still pending, it would be improper for the trial court to sign a judgment on the arbitration award before their counterclaim was decided.

Based on the motion for entry of judgment, the trial court signed a judgment awarding $300,052.21 to RG—which included the amount of the confirmed arbitration award and post-confirmation interest—plus post-judgment interest. The Summas filed a motion for new trial. They argued that, although the trial court entitled its judgment "Final Judgment," the judgment was not final because it did not dispose of their counterclaim or contain sufficient language of finality to constitute a final judgment. The trial court denied the motion for new trial. This appeal followed.

## Appellate Jurisdiction

Because it effects our jurisdiction, we begin by determining whether there is a final, appealable judgment in this case. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) ("Not only may a reviewing court assess jurisdiction for the first time on appeal, but all courts bear the affirmative obligation to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it.") (internal quotation marks omitted). Texas appellate courts have jurisdiction to review a trial court's order by appeal if the order constitutes a final judgment or if a statute authorizes an interlocutory appeal. *See Bison Bldg. Materials, Ltd. v.*

*Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). Because no statute authorizes an interlocutory appeal in this case, this Court has jurisdiction over this appeal only if the trial court's judgment is final for purposes of appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

A judgment issued without a conventional trial, as here, is final for purposes of appeal if and only if it either (1) actually disposes of all claims and parties then before the court, regardless of its language or (2) states with "unmistakable clarity" that it is intended as a final judgment as to all claims and all parties. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015). Here, the record does not show that the trial court's judgment "actually disposes of all claims and parties then before the court." *See Farm Bureau*, 455 S.W.3d at 163 (quoting *Lehmann*, 39 S.W.3d at 192–93). The trial court's judgment does not mention or expressly dispose of the Summas' counterclaim seeking cancellation of the mechanics lien allegedly filed by RG against their home. *See id.* (recognizing that "there must be some other clear indication that the trial court intended the order to completely dispose of the entire case"). Nor does the judgment state that it disposes of all claims and all parties. *Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention."); *cf. In re Elizondo*, 544 S.W.3d 824, 825, 828–29 (Tex. 2018) (holding

4

that "Order on Defendants' Summary Motion to Remove Invalid Lien," which was intended to remove only improper lien from defendants' property, was final judgment for appellate purposes as to plaintiffs' claims because it included the following language: "This judgment is final, disposes of all claims and all parties, and is appealable").

The trial court's judgment contains the word "final" in its title and states that "'[t]his judgment is final and appealable." But, when, as here, the judgment is not the product of a conventional trial on the merits, the word "final" in the title or in the body of a judgment does not alone make the judgment final. *See Lehmann*, 39 S.W.3d at 205 ("An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order"). "Nor does an order constitute a final judgment just because it states that it is 'appealable.'" *V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *5 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.). In short, "merely including the words 'final' and 'appealable' is not enough to make [a] judgment or order final." *Davati v. McElya*, 530 S.W.3d 265, 267 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see V.I.P. Royal Palace*, 2020 WL 3579563, at *5–6 (concluding that—even though it was entitled "Final Judgment" and included words "final" and "appealable judgment"—order was not final judgment because it did not dispose of all parties and all claims or state with

5

unmistakable clarity that it was final judgment as to all claims and all parties); *Breitling Oil & Gas Corp. v. Petroleum Newspapers of Alaska, LLC*, No. 05-14-00299-CV, 2015 WL 1519667, at \*4 (Tex. App.—Dallas Apr. 1, 2015, pet. denied) (mem. op.) ("[T]he order's recitation that it is 'final and appealable' does not necessarily make it so.").

The judgment also contains a Mother Hubbard clause—a clause stating that "[a]ll other relief not expressly granted is herein denied." *See Lehmann*, 39 S.W.3d at 192. The inclusion of a Mother Hubbard clause in an order rendered without a conventional trial on the merits does not, on its face, implicitly dispose of claims not expressly mentioned in the order. *See Farm Bureau*, 455 S.W.3d at 164; *Lehmann*, 39 S.W.3d at 206 ("The Mother Hubbard clause proved to give no indication of finality not just because it found its way into every kind of order, but because it was inherently ambiguous."). Instead, there must be evidence in the record to prove the trial court's intent to dispose of any remaining issues. *See Farm Bureau*, 455 S.W.3d at 164.

Here, the judgment reflects that it was rendered based on RG's motion for entry of judgment which sought a final judgment "consistent with the confirmed arbitration award." The judgment awards actual damages, interest, and attorney's fees "per the arbitration award" as well as post-confirmation and post-judgment interest. Neither the judgment nor the record reflects that RG filed any dispositive

motions regarding the Summas' counterclaim or that the trial court was considering the counterclaim when it rendered judgment. And, as discussed, the judgment makes no reference to the counterclaim. In short, the record evinces an intent by the trial court to render judgment to RG in accordance with the confirmed arbitration award but does not evince an intent to dispose of the Summas' counterclaim.

We notified the parties that due to the lack of a final judgment the appeal may be dismissed for lack of jurisdiction unless they demonstrated that we have jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). In response, RG pointed out the Summas opposed its motion for entry of judgment on the ground that their counterclaim remained pending and that, in their motion for new trial, the Summas also asserted that the judgment was not final because their counterclaim had not been resolved.[1] RG contends that the trial court's implicit grant of its motion for entry of judgment (by rendering judgment on the arbitration award) and the court's denial of the Summas' motion for new trial show that the trial court considered and rejected the Summas' argument that their counterclaim remained pending. By its argument, RG intimates that the trial court actually disposed of the counterclaim in some manner, but RG does not explain how or when the trial court disposed of the counterclaim, aside from considering the Summas' argument that their counterclaim remained pending.

---

[1] The Summas did not respond to our dismissal notice.

As discussed, the counterclaim was not mentioned in the judgment, and the judgment contains insufficient finality language. The only remaining possibility for how the trial court disposed of the counterclaim would be the judgment's Mother Hubbard clause. But, without a dispositive motion addressing the counterclaim or any other indication that the trial court ruled on the counterclaim, we disagree that the record demonstrates that the trial court intended to dispose of the counterclaim by way of the Mother Hubbard clause's ambiguous language. Part of the relief sought by the Summas in their response to the motion for entry of judgment and in their motion for new trial was for the trial court to refrain from rendering a judgment on the arbitration award until their counterclaim had been determined. Beyond their pleading, the Summas did not file a dispositive motion seeking a ruling on the merits of their counterclaim. Thus, the Mother Hubbard language—that all relief not granted is denied—at most referred to the Summas' argument that their counterclaim should have been determined before the trial court signed the judgment on the arbitration award or referred to the relief requested by RG in its motion for entry of judgment. In short, the language is unclear. As explained by the Supreme Court of Texas,

> Sometimes a Mother Hubbard clause "mean[s] only that the relief requested *in the motion*—not all the relief requested by anyone in the case—and not granted by the order is denied," and sometimes it "may also have no intended meaning at all, having been inserted for no other reason than that it appears in a form book or resides on a word processor."

*Farm Bureau*, 455 S.W.3d at 163 (quoting *Lehmann*, 39 S.W.3d at 203–04) (emphasis and brackets in original).

RG also contends that, because they appealed the trial court's judgment, the Summas believe that the judgment is final and appealable. But, as recognized by the supreme court, it is pragmatic to appeal a judgment when its finality is in question: "A party who is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." *Lehmann*, 39 S.W.3d at 196; *see Elizondo*, 544 S.W.3d at 827 (explaining that, "[e]ven if he disagreed that the order was final," plaintiff should have treated order "as though it was" final by seeking "an amended order" before trial court's plenary power expired or by timely appeal). Moreover, as we have explained, "Appellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue." *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Finally, RG asserts that the Summas' counterclaim seeking cancellation of the mechanics lien is not a recognized cause of action in Texas, and, thus, a failure to dispose of the counterclaim does not render the trial court's judgment interlocutory. We disagree. RG's assertion is contrary to the established principle that a judgment leaving a claim unresolved, including a counterclaim, is interlocutory. *See Gonzales v. Terrell*, No. 01-14-00711-CV, 2015 WL 1735370, at *1–2 (Tex. App.—Houston

9

[1st Dist.] Apr. 14, 2015, no pet.) (mem. op.) (holding that judgment was not final for purposes of appeal because it did not dispose of counterclaim or contain sufficient finality language); *Hinojosa v. Hinojosa*, 866 S.W.2d 67, 70 (Tex. App.—El Paso 1993, no pet.) ("The failure to dispose of the counterclaim results in an interlocutory or partial judgment over which we lack appellate jurisdiction.").

RG cites no authority for its argument that a judgment will be final for purposes of appeal if the only pending claim is based on an unrecognized cause of action. And we note that at least one court has rejected this argument. *See Tingley v. Nw. Nat'l Ins. Co.*, 712 S.W.2d 649, 650 (Tex. App.—Austin 1986, no writ) (rejecting argument that, because counterclaim was "not a valid or live claim," summary judgment was not interlocutory). We also note that a defendant or counter-defendant is not without remedy when an unrecognized cause of action is pleaded. Specifically, a motion for summary judgment may be employed to dispose of a cause of action not recognized by Texas law. *See Haag v. Schlumberger Tech. Corp.*, 555 S.W.3d 220, 224 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("A defendant may establish its right to summary judgment by demonstrating that the law does not recognize the cause of action pleaded by the plaintiff."). RG's argument that the judgment is final because the Summas' counterclaim is not a recognized cause of action is without merit.

## Conclusion

We conclude that the trial court's judgment neither "actually disposes" of all parties and all claims nor does it state with "unmistakable clarity" that it is intended to be a final judgment as to all parties and all claims. *See Lehmann*, 39 S.W.3d at 192–93. The Summas' counterclaim seeking cancellation of RG's mechanics lien remains pending in the trial court.[2] We hold that the trial court's judgment is not final and appealable, and an interlocutory appeal of the order is not authorized by statute. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Richard Hightower
Justice

Panel consists of Justices Hightower, Countiss, and Guerra.

---

[2] In conjunction with their counterclaim seeking to dismiss the mechanics lien, the Summas also seek cancellation of a notice of lis pendens they allege RG has filed. *See* TEX. PROP. CODE § 12.007(a) (stating that notice of lis pendens may be filed during the pendency of suit involving (1) title to real property, (2) establishment of interest in real property, or (3) enforcement of encumbrance against real property); *id.* § 12.0071 (providing method to expunge lis pendens); *id.* § 12.0071 (providing method to cancel lis pendens). The judgment does not mention the claim to cancel the lis pendens. Because, as discussed, there is no final judgment, the Summas' claim seeking cancellation of the lis pendens also remains pending in the trial court. We express no opinion regarding the appropriateness or validity of either the Summas' claim for cancellation of the mechanics lien or its claim for cancellation of the lis pendens.

11