

# Fourth Court of Appeals
## San Antonio, Texas

November 1, 2022

No. 04-22-00652-CV

**INTERNATIONAL MUSEUM CORPORATION** d/b/a Southwest Museum of Art, Tony Webber, and John Schumacher,
Appellants

v.

Charles **TROIS**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-07417
Honorable Aaron Haas, Judge Presiding

# O R D E R

On September 30, 2022, International Museum Corporation d/b/a Southwest Museum of Art, Tony Webber, and John Schumacher filed a notice of appeal challenging the trial court's order signed on August 31, 2022. The clerk's record shows the August 31, 2022 order grants a motion for partial summary judgment in favor of Charles Trois as to his claim for declaratory relief against Schumacher, severs the claim from the original cause, and assigns the claim a new cause number: 2022-CI-16882. However, the order does not dispose of any of Trois's claims against International Museum Corporation and Webber.

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). When, as here, "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* "Severance does not make an interlocutory judgment final and appealable if the judgment merely disposes of a subset of the claims between the parties." *Duke v. Am. W. Steel, LLC*, 526 S.W.3d 814 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Because the August 31, 2022 order disposes of only Trois's declaratory judgment action against Schumacher, it does not appear final as to International Museum Corporation and Webber. *See id.* (holding combination of partial summary judgment order and severance order does not automatically result in final and appealable judgment if it does not dispose of all claims against all parties in appeal).

Accordingly, we **order** appellants to file a written response in this court on or before **December 1, 2022**, showing cause why this appeal should not be dismissed for want of jurisdiction. If appellants fail to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellants must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of November, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court