

# Fourth Court of Appeals
## San Antonio, Texas

January 3, 2023

No. 04-22-00652-CV

**INTERNATIONAL MUSEUM CORPORATION** d/b/a Southwest Museum of Art, Tony
Webber and John Schumacher,
Appellants

v.

Charles **TROIS**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-16882
Honorable Aaron Haas, Judge Presiding

# O R D E R

On September 30, 2022, International Museum Corporation d/b/a Southwest Museum of
Art, Tony Webber, and John Schumacher filed a notice of appeal challenging the trial court's
order signed on August 31, 2022. The clerk's record shows the August 31, 2022 order grants a
motion for partial summary judgment in favor of Charles Trois as to his claim for declaratory
relief against Schumacher, severs the claim from the original cause, and assigns the claim a new
cause number: 2022-CI-16882. However, the order does not dispose of any of Trois's claims
against International Museum Corporation and Webber.

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con
Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). When, as here, "there has not been a conventional trial
on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes
of every pending claim and party or unless it clearly and unequivocally states that it finally
disposes of all claims and all parties." *Id.* "Severance does not make an interlocutory judgment
final and appealable if the judgment merely disposes of a subset of the claims between the
parties." *Duke v. Am. W. Steel, LLC*, 526 S.W.3d 814 (Tex. App.—Houston [1st Dist.] 2017, no
pet.). Because the August 31, 2022 order disposes of only Trois's declaratory judgment action
against Schumacher, it does not appear final as to International Museum Corporation and
Webber. *See id.* (holding combination of partial summary judgment order and severance order
does not automatically result in final and appealable judgment if it does not dispose of all claims
against all parties in appeal).

We therefore ordered appellants to file a written response by December 1, 2022 showing cause why this appeal should not be dismissed for want of jurisdiction. On November 20, 2022, appellants filed a response indicating they mistakenly filed their notice of appeal under the wrong cause number instead of the severed cause number, 2022-CI-1688. According to appellants, the trial court's August 31, 2022 order is final under the severed cause number because there are no pending issues. They also filed an amended notice of appeal correcting the cause number. Based on the foregoing, we **reinstate** the appellate deadlines and **retain** this case on this court's docket. We also **direct** the Clerk of the Court to change the trial court cause number from 2019-CI-0747 to 2022-CI-16882.

We note, however, International Museum Corporation and Webber do not appear to be parties to this appeal. When the notice of appeal was filed, it invoked our jurisdiction only over the parties to the order being appealed. *See* TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."). Here, the only parties to the severed order are Trois and Schumacher because the order disposes of only Trois's declaratory judgment action against Schumacher.[1] Accordingly, we **order** International Museum Corporation and Webber to file a written response in this court **by February 2, 2023** showing cause how they are parties to this appeal and how we have jurisdiction over them. International Museum Corporation and Webber are advised if they fail to satisfactorily respond, we may dismiss the appeal as to them for lack of jurisdiction. *See Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Assoc., Inc.*, 1 S.W.3d 108, 110 (Tex. 1999) (per curiam) ("Generally, appeal is available only to parties of record."); *Gunn v. Cavanaugh*, 391 S.W.2d 723, 725 (Tex.1965) (stating rule that "only parties to the record may exercise [the right of appeal]"); *United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 844 (Tex. App.—Corpus Christi 1999, pet. dism'd) ("Once a final judgment has been entered, only parties of record may exercise the right of appeal."). Appellants' brief is due thirty days after the ordered response is filed.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of January, 2023.



_Michael A. Cruz_
MICHAEL A. CRUZ, Clerk of Court

---

[1] A review of the clerk's record shows Trois moved for partial summary judgment "as to his claims for declaratory judgment against Defendant John Schumacher," and the trial court granted Trois's motion.