

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00485-CV

———————————————

TROY PAK, Appellant

V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, BRITTANY
MAEGAN PIERPONT, AND MISTY WAY, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 23-11508-431

Before Womack, Wallach, Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Troy Pak filed suit against Appellees State Farm Mutual Automobile Insurance Company, Brittany Maegan Pierpont, and Misty Way, bringing claims for purported violations of the Texas Insurance Code (the extra-contractual claims) and seeking certain declarations regarding his entitlement to underinsured motorist benefits pursuant to his policy with State Farm (the UIM claim). As best as we can glean, Appellees later filed a motion for severance and abatement in which they requested that the extra-contractual claims be severed and abated pending final resolution of the UIM claim. The trial court signed an order granting Appellees' motion (the Order). In the Order, the trial court severed the extra-contractual claims from the UIM claim, ordered that the claims against Pierpont and Way were dismissed with prejudice, and ordered that the severed extra-contractual claims were abated until the conclusion of the UIM claim. Pak attempts to appeal from the Order.[1]

On December 20, 2023, we notified Pak of our concern that we lack jurisdiction over this appeal because the Order does not appear to be a final judgment or appealable interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001) (holding that, generally, appeals may be taken only from final

---

[1]The Order was signed in trial court cause number 23-6596-431. The Order stated that the severed extra-contractual claims would be placed in trial court cause number 23-11508-431.

judgments or interlocutory orders authorized by statute); *Davati v. McElya*, 530 S.W.3d 265, 266 (Tex. App.—Houston [1st Dist.] Aug. 10, 2017, no pet.) (holding that severed summary judgment was not final and appealable when neither the summary judgment nor the severance order disposed of all of the parties' claims against one another).

We informed Pak that unless he or any party desiring to continue the appeal filed a response by January 2, 2024, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. While Pak has filed a response,[2] it does not show grounds for continuing the appeal.[3]

---

[2]State Farm also filed a response to our jurisdiction letter. State Farm agreed with our concern, stating that "[t]here is no final and appealable judgment in this case."

[3]In his response, Pak argues that the trial court could not have severed his extra-contractual claims from his UIM claim "because the Texas Supreme Court currently requires them to be tried together" in a bifurcated trial. He relies on *In re State Farm Mutual Automobile Insurance Co.*, 629 S.W.3d 866 (Tex. 2021) (orig. proceeding). That case is distinguishable because the plaintiffs in that case only brought extra-contractual claims. *Id.* at 870. Because there were no contract claims to sever from the extra-contractual claims, bifurcation (rather than severance) was the appropriate remedy to address State Farm's concern that an initial trial establishing the liability and underinsured status of motorists was necessary before its own liability for the extra-contractual claims could be determined. *Id.* at 871, 877. Here, in contrast, apart from his extra-contractual claims, Pak also sought declaratory relief to establish State Farm's contractual duty to pay UIM benefits. Thus, severance and abatement—rather than bifurcation—was appropriate. *See In re Allstate Fire and Cas. Ins. Co.*, No. 03-21-00515-CV, 2022 WL 120263, at *3 (Tex. App.—Austin Jan. 12, 2022, orig. proceeding) (mem. op.) (distinguishing *State Farm* and holding that "[s]everance and abatement is appropriate when, as in this case, an insured seeks a determination as to entitlement to UIM benefits and also brings extra[-]contractual claims against the insured").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195, 200; *Davati*, 530 S.W.3d at 266.

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 18, 2024